```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Margaret Patrisso**

    **v.**     Case No. 08-cv-482-PB
             Opinion No. 2010 DNH 002
**School Administrative Unit #59-**
**Winnisquam Regional School District**


### MEMORANDUM AND ORDER

Margaret Patrisso has sued School Administrative Unit #59-Winnisquam Regional School District ("Winnisquam") for damages resulting from alleged sexual, physical, emotional, and mental abuse by its employee, Walter Garland, that allegedly occurred while she was a student at Winnisquam between 1978 and 1982. Winnisquam argues in a motion to dismiss that Patrisso's claims are barred by the applicable statute of limitations. I deny Winnisquam's motion for the reasons set forth below.


### I.   BACKGROUND

Patrisso enrolled as a freshman at Winnisquam in the fall of 1978, when she was fourteen years old. (Compl., Doc. No. 1, ¶ 8.) Garland, a Biology and Ecology teacher at Winnisquam, allegedly began to "sexually, emotionally, and mentally" abuse

Patrisso shortly thereafter.[1] (Id. ¶ 7, 9.) The alleged abuse started with flirtation, but "quickly progressed" to kissing, fondling of Patrisso's breasts, masturbation, oral sex, and vaginal sexual intercourse. (Id. ¶¶ 10-11.) These acts of alleged abuse took place in Garland's car while it was parked on the Winnisquam campus and during rides to and from school, as well as in Garland's classroom, in Garland's office, and in other rooms of the Winnisquam science wing, often during school hours. (Id. ¶ 11.) The alleged abuse "continued unabated" until 1982. (Id. ¶ 12.)

In the fall of 2008, another former Winnisquam student contacted Patrisso, and informed her that she too had been abused by Garland in the late 1970s and early 1980s. (Id. ¶ 13.) Upon further investigation, Patrisso also learned that a Winnisquam student had allegedly reported to administrators in the late 1970s or early 1980s that he/she had observed Garland having sexual contact with a female student, but that the administration did nothing in response. (Id. ¶ 14.) Patrisso has sued

---

[1] Patrisso's complaint does not specify whether she was enrolled in one of Garland's classes, though it does assert that Garland used his "position of trust and authority, arising solely and directly from his position as an employee of [Winnisquam]" to facilitate the abuse. (Compl., Doc. No. 1, ¶ 9.)

Winnisquam on the basis of the information that she acquired in the fall of 2008, alleging that, despite Winnisquam's actual or constructive knowledge that Garland was sexually abusing its minor students, it failed to protect those students (Count I), failed to warn its students that Garland posed a safety risk (Count II), failed to exercise reasonable care in the hiring, training, supervision and retention of its employees (Count III), caused Patrisso to suffer severe mental and emotional harm and distress and bodily injury (Count IV), breached the fiduciary duty that it owed to its students (Count V), and is vicariously liable for Garland's conduct (Count VI). (See id. ¶¶ 24-59.)

    Winnisquam alleges in a motion to dismiss that Patrisso's claims are barred by the applicable statute of limitations, New Hampshire Revised Statutes Annotated ("RSA") § 508:4-g. (See Def.'s Mem. of Law in Supp. of Mot. to Dismiss, Doc. No. 12); N.H. Rev. Stat. Ann. § 508:4-g (2009). In response, Patrisso invokes New Hampshire's "discovery rule" and argues that she could not have reasonably discovered that her injury was caused by the negligent acts or omissions of Winnisquam until she learned in the fall of 2008 that another student had complained to Winnisquam administrators about Garland's conduct. (See Pl.'s Mem. of Law in Supp. of Objection to Def.'s Mot. to Dismiss, Doc.

No. 14-2, at 1-2.)

## II.  STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim meets this threshold of plausibility where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In deciding such a motion, the court must "accept the plaintiff's well-pleaded facts as true, viewing factual allegations in the light most favorable to the plaintiff."  Rederford v. U.S. Airways, Inc., No. 09-1005, 2009 U.S. App. LEXIS 27258, *9 (1st Cir. Dec. 14, 2009).  Dismissal is appropriate only "if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory."  Nathan P. v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004) (citation omitted).  The court's task "is not to decide whether the plaintiff ultimately will prevail but, rather, whether he is entitled to undertake discovery in furtherance of the pleaded

claim." Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### III. ANALYSIS

New Hampshire RSA § 508:4-g, which governs "Actions Based on Sexual Assault and Related Offenses," provides:

> A person, alleging to have been subjected to any offense under RSA 632-A or an offense under RSA 639:2, who was under 18 years of age when the alleged offense occurred, may commence a personal action based on the incident within the later of:
>
> I.   Twelve years of the person's eighteenth birthday; or
>
> II.  Three years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

§ 508:4-g. Patrisso argues that her claim is saved by the discovery rule set forth in Section II.[2]

---

[2] The relevant statute of limitations that applied when Patrisso was allegedly abused provided that a plaintiff had six years from the time that her cause of action accrued to file a claim. See N.H. Rev. Stat. Ann. § 508:4 (1983) (pre-1986 statute); Conrad v. Hazen, 140 N.H. 249, 252 (1995). That statute was also subject to a common law court rule under which a cause of action did not accrue "until the plaintiff discover[ed] or, in the exercise of reasonable diligence, should have discovered both the fact of his injury and the cause thereof." Conrad, 140 N.H. at 252. Thus, under that statute, Patrisso would have had six years from the time that she discovered both her injury and the cause of her injury to file her claim. This court has held that the six-year statute of limitations applies

Under the discovery rule, the statute of limitations begins to run "when the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." McLean v. Gaudet, 769 F. Supp. 30, 30 (D.N.H. 1990) (citing Rowe v. John Deere, 130 N.H. 18, 21 (1987)).  The New Hampshire Supreme Court has held that this is a two-pronged rule

> requiring both prongs to be satisfied before the statute of limitations begins to run.  First, a plaintiff must know or reasonably should have known that it has been injured; and second, a plaintiff must know or reasonably should have known that its injury was proximately caused by conduct of the defendant.

Big League Entm't, Inc. v. Brox Indus., 149 N.H. 480, 485 (2003).

There is no dispute in this case that Patrisso knew of her injury long before 2008, when she claims that the statute of

---

in similar actions arising prior to July 1, 1986 where the plaintiff did not discover the causal relationship between her injury and the defendant's conduct at the time that she was allegedly abused.  See Michaud v. McAnaney, 2007 DNH 118, 4-9. However, I need not decide whether Patrisso's claims are subject to the pre-1986 statute of limitations because Patrisso bases her argument that her claim is saved by the discovery rule on facts that she allegedly discovered less than three years before she filed her complaint.  If this assertion is correct, her claim would be timely under either the pre-1986 statute or § 508:4-g. (See Pl.'s Mem. of Law in Supp. of Objection to Def.'s Mot. to Dismiss, Doc. No. 14-2, at 1.)

limitations began to run.  Thus, the only real issue is whether she also knew or reasonably should have known of Winnisquam's causal role in her injury more than three years before she filed her complaint.  Winnisquam contends that a reasonable person in Patrisso's position would have conducted an investigation and discovered Winnisquam's alleged role in the sexual abuse soon after she turned 18, but the applicability of the discovery rule is not something that I can resolve at the present time.  Although a statute of limitations issue may sometimes be resolved through a Rule 12(b)(6) motion, "a court can grant a motion to dismiss on limitations grounds only when the pleader's allegations leave no doubt that an asserted claim is time-barred."  Archdiocese of San Salvador v. FM Int'l, LLC, 2006 DNH 22, 8 (quoting Centro Medico del Turabo, Inc. v. Feliciano de Melicio, 406 F.3d 1, 6 (1st Cir. 2005)).  In this case, the applicability of the discovery rule presents a question of fact that cannot be resolved through a motion to dismiss.  Accordingly, I am in no position to grant Winnisquam the relief it seeks.

## IV.  CONCLUSION

For all of the foregoing reasons, I deny Winnisquam's motion

-7-

to dismiss (Doc. No. 12).

    SO ORDERED.

                                          /s/Paul Barbadoro
                                          Paul Barbadoro
                                          United States District Judge

January 5, 2010

cc:  Peter Hutchins, Esq.
     Cyrus F. Rilee, III, Esq.
     John F. Teague, Esq.
     Edward Kaplan, Esq.
     William Pandolph, Esq.